UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIGEL FREDERICKS,

Plaintiff,

-against-

SUPERINTENDENT MARLYN KOPP,

Defendant.

26-CV-3923 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff Nigel Fredricks, who is currently incarcerated in Sing Sing Correctional Facility ("Sing Sing") as a convicted prisoner, brings this action *pro se*, asserting that Defendant, Sing Sing Superintendent Maryln Kopp, violated his federal constitutional rights at Sing Sing.[1] The Court understands Plaintiff's complaint as asserting claims for damages under 42 U.S.C. § 1983. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court

[1] Plaintiff, who is barred under the so-called "three strikes" rule from filing federal civil actions *in forma pauperis* while a prisoner, *see Fredricks v. I.R.C. Entity D.O.C.*, 9:23-CV-0112, at 3-6 (N.D.N.Y. July 11, 2023), paid the filing fees to bring this action. The complaint is still subject to screening under 28 U.S.C. § 1915A.

must also dismiss a complaint if it lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases is limited. *Id*. at 475 (citation omitted). To state a claim, *pro se* pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible, not merely possible, that the pleader is entitled to relief. *Id.* at 679.

**BACKGROUND**

Plaintiff states that the events giving rise to his claims commenced upon his arrival at Sing Sing in 2025. The following allegations are drawn from the complaint, which is often

difficult to understand.[2] Plaintiff alleges that unidentified correction officers at Sing Sing have repeatedly entered his cell and that they "make a big mess" and "are putting thing[s] in [plaintiff's] food . . . like some experimental project going on."[3] (ECF 1, at 1.) Plaintiff asserts that officers engaged in these activities "to get a [verbal or physical] reaction out of [him]." (*Id.* at 3, 8.) Plaintiff further claims that when he does not react to officer's actions, they become very angry and "torture [him] to the fullest extent." (*Id*. at 8.)

Plaintiff also asserts that these actions are retaliation for his filing various lawsuits, including suits against President Donald Trump, and "a civil right[s] complaint that [Plaintiff] never found justice for."[4] (*Id.* at 2, 4.) Plaintiff appears to allege that officers at Sing Sing hold him responsible for the Covid-19 pandemic, causing them to retaliate against Plaintiff. (*See id*. at 3-4.) Plaintiff suggests that President Trump may be directing the alleged retaliation, stating that Trump is "the one who [has] all [the] officer[s] doing these things of retaliation." (*Id.*)

Plaintiff names Superintendent Kopp as "the only defendant to hold accountable" based on "her deficient management of subordinates." (*Id*. at 5.) Plaintiff appears to seek to hold Kopp liable for all alleged acts taken by her subordinates. Plaintiff seeks compensatory and punitive damages for pain, suffering, cruel and unusual punishment, and mental anguish. (*Id*. at 9.)

---

[2] The Court quotes the complaint verbatim. All spelling, grammar, and punctuation are as in the complaint unless otherwise noted.

[3] Plaintiff asserts that he "cannot tell [the Court] exactly [which] officer[s] to blame because they do [the above-mentioned conduct] when [Plaintiff] is not looking [which] is how [the officers intend] to keep thing[s] going on. (*Id*. at 5).

[4] Plaintiff has an extensive history of filing *pro se* actions in federal district courts, and, as noted above, is barred from filing any new civil actions *in forma pauperis* while he is a prisoner.

## DISCUSSION

### A. Claims against Kopp

To state a Section 1983 claim, a plaintiff must allege facts showing an individual's direct and personal involvement in the alleged constitutional deprivation of rights. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013). The doctrine of *respondeat superior* cannot be invoked to hold a government official responsible under Section 1983 for unconstitutional conduct of their subordinates. *See Iqbal*, 556 U.S. at 676. A plaintiff must plead that each Government-official defendant, through their own actions, has directly caused a deprivation of a plaintiff's constitutional rights. *See Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d. Cir. 2020) (quoting *Iqbal*, 556 U.S. at 662).

Here, Plaintiff does not allege any facts suggesting that Sing Sing Superintendent Kopp was directly involved in any of the events giving rise to his claims. Plaintiff alleges that Kopp is "deficient" in her management of her subordinate officers (ECF 1, at 7). The Court understands these allegations as an attempt to hold Kopp responsible for the actions of the officers allegedly retaliating against Plaintiff. Because Plaintiff does not allege any facts suggesting that Kopp was directly involved in the events giving rise to Plaintiff's claims, or took any action against Plaintiff, he fails to state a Section 1983 claim against her.

The Court therefore dismisses Plaintiff's claims against Superintendent Kopp for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

The Court grants Plaintiff leave to replead his claims against Superintendent Kopp in an amended complaint alleging facts showing how she was directly involved in the events giving rise to Plaintiff's claims.

## B. First Amendment retaliation claims

Plaintiff alleges that unidentified correction officers retaliated against him for, among other things, his having filed civil rights lawsuits. The Court construes Plaintiff's allegations as an attempt to assert claims of retaliation under the First Amendment. Even if Plaintiff had named individual defendants personally involved in retaliating against him, the complaint still fails to state a claim. The Court therefore grants him leave to amend this claim.

To state a claim for First Amendment retaliation, a plaintiff must allege "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009) (quoting *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004). An "adverse action" is conduct "that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights." *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003). A court can ascertain whether there is a causal connection between protected conduct and adverse action by assessing the presence of a temporal connection, meaning that the protected conduct and adverse action occur closely in time, and other surrounding circumstances such as, for example, statements made by the officers accused of retaliation. *See Hayes v. Dahlke*, 976 F.3d 259, 273 (2d Cir. 2020). There is no "bright line" rule as to how close in time the protected conduct and alleged retaliation must occur to establish a causal connection, which prompts courts to look to surrounding circumstances as well. *Id*.

With respect to the first element, there is no question that filing a lawsuit is protected conduct under the First Amendment. *See Walker v. Senecal*, 130 F.4th 291, 298 (2d Cir. 2025) (holding that the filing of a lawsuit or grievance is protected conduct); *see also Espinal*, 558 F.3d at 129. To the extent Plaintiff also alleges that the officers retaliated against him for "being the

reason for" the Covid-19 pandemic (ECF 1, at 3.), such allegations cannot serve as a basis for a retaliation claim because they do not suggest conduct protected by the First Amendment and, in any event, appear implausible.

As to the second element—that Plaintiff was subject to an adverse action—although many of Plaintiff's allegations about the officers' actions are vague or conclusory, the Court will assume, for the purpose of this order, that Defendants subjected him to a hostile environment that would deter a similarly situated person from exercising their constitutional rights.

Plaintiff fails to allege, however, facts plausibly suggesting a causal connection between his filing a lawsuit and the alleged adverse action from correction officers. Plaintiff's claims are stated in conclusory terms and not sufficiently supported with detailed factual allegations that establish a nexus between Plaintiff's protected conduct and Defendant's alleged adverse action. See *Walker*, 130 F.4th at 299 ("[W]e require that prisoner retaliation claims be 'supported by specific and detailed factual allegations, not stated in wholly conclusory terms.'" (quoting *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015)). Furthermore, Plaintiff does not allege a temporal connection between his filing various lawsuits and the alleged adverse action. There is no indication that the lawsuits discussed in the complaint were filed close in time to when the retaliatory conduct began. Moreover, Plaintiff offers no details regarding surrounding circumstances that would allow the Court to find a nexus between the protected conduct and any adverse action. Plaintiff also does not give any indication that any officers at Sing Sing would have a plausible reason for retaliation. There is also no indication that officers involved were aware of Plaintiff's filing lawsuits.

To the extent Plaintiff alleges that President Donald Trump was involved in directing correction officers to retaliate against Plaintiff for suing the President, Plaintiff alleges no facts

plausibly suggesting that President Trump is in communication with correction officers at the facility.

For these reasons, Plaintiff fails to state a viable claim of First Amendment retaliation under Section 1983. The Court grants Plaintiff leave to replead his First Amendment retaliation claims in an amended complaint in which he alleges facts sufficient to state a claim of retaliation under Section 1983. Specifically, he must name as defendants the specific individual officers or employees at Sing Sing whom he alleges violated his rights and present facts demonstrating that there was a causal connection between his protected activity and any adverse action.

**LEAVE TO AMEND GRANTED**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid Section 1983 claim against Kopp or a claim for retaliation under the First Amendment against the individual officers, the Court grants Plaintiff 30 days' leave to amend his complaint to address the deficiencies identified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915A(b)(1), with 30 days' leave to replead.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: July 3, 2026
New York, New York

Louis L. Stanton
Louis L. Stanton
U.S.D.J.